THE STATE EX REL. THORN, APPELLANT, *v.* INDUSTRIAL
COMMISSION OF OHIO, APPELLEE.

[Cite as *State ex rel. Thorn v. Indus. Comm.* (2000), 88 Ohio St.3d 417.]

(No. 98–1583—Submitted February 22, 2000—Decided May 17, 2000.)

418

Law Office of Thomas Tootle and Thomas Tootle, for appellant.

Betty D. Montgomery, Attorney General, and Dennis L. Hufstader, Assistant Attorney General, for appellee.

---

*Per Curiam.* The commission terminated claimant's TTC on April 18, 1996, due to MMI. It reinstated compensation on January 8, 1997, based on what it considered to be the new and changed circumstances engendered by claimant's surgery. At issue is compensation during the intervening period.

The commission denied TTC for lack of persuasive evidence that claimant's osteoarthritis was temporarily and totally disabling. In an elaborate order, the commission explained why Dr. Sterle's September 6 and 26, 1996 C–84s were not persuasive. Given the commission's exclusive authority to weigh and interpret evidence, this conclusion was within its prerogative. *State ex rel. Burley v. Coil Packing, Inc.* (1987), 31 Ohio St.3d 18, 31 OBR 70, 508 N.E.2d 936.

We are troubled, however, by the tenor of the order, which, to us, evinces a clear belief that the C–84s were the only evidence claimant submitted. Claimant also submitted an October 11, 1996 narrative from Dr. Sterle which attributed claimant's inability to work to an allowed osteoarthritic condition that had not attained MMI. This is a critical piece of evidence, given the Deputy's criticism in his March 6, 1997 order of the lack of an "accompanying narrative report explaining the claimant's temporary total disability due to the osteoarthritic condition."

*State ex rel. Fultz v. Indus. Comm.* (1994), 69 Ohio St.3d 327, 631 N.E.2d 1057, authorizes a return of the cause to the commission where an order clearly indicates that evidence pivotal to a party's success or failure has been overlooked. Given the commission's findings in this case, the commission may well have arrived at a different TTC reinstatement date had the October 11, 1996 report been considered.

420

The judgment of the court of appeals is accordingly reversed, and the cause is returned to the commission for further consideration.

*Judgment reversed*
*and cause returned.*

Moyer, C.J., Douglas, Resnick, F.E. Sweeney, Pfeifer, Cook and Lundberg Stratton, JJ., concur.