[This opinion has been published in *Ohio Official Reports* at 88 Ohio St.3d 417.]

THE STATE EX REL. THORN, APPELLANT, *v*. INDUSTRIAL COMMISSION OF OHIO, APPELLEE.

[Cite as *State ex rel. Thorn v. Indus. Comm*., 2000-Ohio-367.]

*Workers' compensation—Industrial Commission's denial of temporary total disability compensation for an interim period an abuse of discretion when evidence pivotal to claimant's success or failure has been overlooked.*

(No. 98-1583—Submitted February 22, 2000—Decided May 17, 2000.)

APPEAL from the Court of Appeals for Franklin County, No. 97APD05-671.

_____

{¶ 1} Appellant-claimant, George Thorn, was injured in the course of his employment with Copperweld Steel Company in 1989. His workers' compensation claim was originally allowed for "contusion both knees; strain upper back; major depression; herniated disc C5-6, C6-7; torn medial meniscus right knee." On December 1, 1995, claimant moved appellee, Industrial Commission of Ohio, for the additional allowance of "osteoarthritis both knees * * *." The motion was accompanied by the November 10, 1995 letter of attending physician Dr. Oscar F. Sterle, who causally related the condition to claimant's industrial injury. Dr. Sterle did not comment on the effect, if any, the condition had on claimant's ability to work.

{¶ 2} In response to this motion, claimant was examined on April 18, 1996, by Dr. V.G. Raghavan. Dr. Raghavan causally related claimant's osteoarthritis to his industrial injury. Dr. Raghavan also stated that claimant had reached maximum medical improvement ("MMI"), and that "[t]he clinical condition is stabilized and not likely to improve with surgical intervention or active medical treatment. Medical maintenance care only is warranted. The degree of impairment is not likely to change substantially within the next year.    * * *"

**{¶ 3}** It is not clear whether claimant's arthritis was factored into this MMI assessment.

**{¶ 4}** On August 28, 1996, in separate orders, the Bureau of Workers' Compensation allowed the additional condition of "aggravation of osteorarthritis of both knees," and set the claim for commission hearing on the issue of MMI and continued temporary total disability compensation ("TTC"). On September 6, 1996, Dr. Sterle completed a C-84 physician's report supplemental. Based on a March 14, 1996 exam, Dr. Sterle listed "present complaints and conditions" as "contusion right knee." He stated that claimant's temporary total disability had begun on May 1, 1995, and would continue to November 4, 1996. His clinical findings were:

"X-rays of both knees obtained 3/14/96 showed a loss of articular cartilage that is mainly in the medial compartment of the right knee. These changes are consistent with osteoarthritis of the knee joint. The exam showed tenderness & crepitus [in] medial compartment left knee joint. Good range of motion but painful."

**{¶ 5}** On September 26, 1996, a district hearing officer ("DHO") terminated TTC as of April 18, 1996—the date of Dr. Raghavan's MMI declaration. The DHO wrote:

"[T]his claim was additionally recognized for 'aggravation of osteoarthritis of both knees' by the BWC based on the 4/18/96 report from Dr. Raghavan. Thus, the District Hearing Officer finds that the 4/18/96 report of Dr. Raghavan does address disability with regard to 'aggravation of osteoarthritis of both knees.' The District Hearing Officer finds the claimant's argument that Dr. Raghavan's report does not address this condition in the context of temporary total disability and that the claimant remains temporarily and totally disabled is unpersuasive[,] in light of the fact that there is no evidence on file that the claimant is temporarily and totally disabled as a result of 'aggravation of osteoarthritis of both knees.' "

{¶ 6} The record contains a second C-84 physician's report with the same date as the DHO hearing. Time stamps on that document, however, indicate that it was not submitted into evidence until after the DHO hearing. That C-84 was identical to the C-84 dated September 6, 1996 with one addition—now included among "present complaints and conditions" was "osteoarthritis both knees."

{¶ 7} A C-161 form from Dr. Sterle, dated October 10, 1996, sought authorization for arthroscopic knee surgery. It was accompanied by a October 11, 1996 letter from Dr. Sterle, which read:

"Mr. Thorn has remained off of work temporarily due to the fact that surgery has been recommended for aggravation of osteoarthritis both knees, and could not be scheduled until his claim was further allowed for this condition. This patient's symptoms include pain both knees, limitation of motion, tenderness and crepitus. Therefore, this condition is still temporary[,] considering the fact that the surgery was recommended to improve these conditions."

{¶ 8} A staff hearing officer affirmed the DHO's TTC denial without comment. Reconsideration by the commission was ultimately granted and TTC was awarded by the commission Deputy from January 8, 1997—the date of claimant's surgery—forward-based on Dr. Sterle's report. The Deputy, however, declined to award TTC for the interim period of April 18, 1996 through January 7, 1997. In a lengthy order, the Deputy, on March 6, 1997, stressed, among other things, the lack of an "accompanying narrative report explaining the claimant's temporary total disability due to the osteoarthritic condition."

{¶ 9} Claimant filed a complaint in mandamus in the Court of Appeals for Franklin County, alleging that the commission abused its discretion in refusing to pay TTC for the interim period. The court of appeals disagreed and denied the writ.

{¶ 10} This cause is now before this court upon an appeal as of right.

_____

*Law Office of Thomas Tootle* and *Thomas Tootle*, for appellant.

*Betty D. Montgomery*, Attorney General, and *Dennis L. Hufstader*, Assistant Attorney General, for appellee.

———————————

***Per Curiam.***

**{¶ 11}** The commission terminated claimant's TTC on April 18, 1996, due to MMI. It reinstated compensation on January 8, 1997, based on what it considered to be the new and changed circumstances engendered by claimant's surgery. At issue is compensation during the intervening period.

**{¶ 12}** The commission denied TTC for lack of persuasive evidence that claimant's osteoarthritis was temporarily and totally disabling. In an elaborate order, the commission explained why Dr. Sterle's September 6 and 26, 1996 C-84s were not persuasive. Given the commission's exclusive authority to weigh and interpret evidence, this conclusion was within its prerogative. *State ex rel. Burley v. Coil Packing, Inc.* (1987), 31 Ohio St.3d 18, 31 OBR 70, 508 N.E.2d 936.

**{¶ 13}** We are troubled, however, by the tenor of the order, which, to us, evinces a clear belief that the C-84s were the only evidence claimant submitted. Claimant also submitted an October 11, 1996 narrative from Dr. Sterle which attributed claimant's inability to work to an allowed osteoarthritic condition that had not attained MMI. This is a critical piece of evidence, given the Deputy's criticism in his March 6, 1997 order of the lack of an "accompanying narrative report explaining the claimant's temporary total disability due to the osteoarthritic condition."

**{¶ 14}** *State ex rel. Fultz v. Indus. Comm.* (1994), 69 Ohio St.3d 327, 631 N.E.2d 1057, authorizes a return of the cause to the commission where an order clearly indicates that evidence pivotal to a party's success or failure has been overlooked. Given the commission's findings in this case, the commission may well have arrived at a different TTC reinstatement date had the October 11, 1996 report been considered.

{¶ 15} The judgment of the court of appeals is accordingly reversed, and the cause is returned to the commission for further consideration.

*Judgment reversed*
*and cause returned.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

———————————